a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| THOMAS DWAYNE HARRIS, JR.<br>Petitioner | CIVIL DOCKET NO. 1:24-CV-00103<br>SEC P |
| VERSUS | JUDGE JERRY EDWARDS |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Thomas Dwayne Harris, Jr. ("Harris"). Harris is an immigration detainee at the Central Louisiana ICE Processing Center in Jena, Louisiana. He alleges that his continued detention is unlawful.

Because Harris cannot establish there is no significant likelihood of his removal in the reasonably foreseeable future, his Petition should be DISMISSED WITHOUT PREJUDICE.

I. <u>Background</u>

Harris is a native and citizen of St. Lucia. He was ordered removed from the United States on July 27, 2023, and has since remained in Immigration and Customs Enforcement ("ICE") custody. ECF No. 1-3 at 1.

Harris alleges that ICE has been unable to remove him despite his full cooperation with removal efforts. ECF No. 1-2 at 2. Harris argues that his removal

is unlikely to occur in the reasonably foreseeable future because he "has yet to receive any travel documents"; "there is no indication as to when or if such documents will be issued"; ICE has no "timeline of document issuance"; and the consulate has no idea when documents will be issued.  ECF No. 1-2 at 2.

II.   **Law and Analysis**

Generally, once an alien is ordered removed, he must be removed from the United States within a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A).  The removal period begins on the latest of three dates: (1) the date the order of removal becomes "administratively final"; (2) the date of the final order of any court that entered a stay of removal; or (3) the date on which the alien is released from non-immigration detention or confinement.  *Id.* at § 1231(a)(1)(B).  During the removal period, detention is mandatory. *Id.* at § 1231(a)(2).

It is presumptively constitutional for an immigration detainee to be detained up to six months beyond the 90-day removal period. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).  However, this presumption does not mean that every detainee must be released after six months.  *Id.*  A detainee may seek his release from custody after the expiration of the six-month period by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*; *Agyei–Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011).  Once a detainee makes a showing that there is no significant likelihood of his removal in the reasonably foreseeable future, "the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

In this case, for several reasons, Harris is not entitled to relief under *Zadvydas*. Harris's Petition is premature. It is post-marked January 18, 2024, prior to the expiration of the presumptively reasonable six-month period of post-removal order detention. *See Okpoju v. Ridge*, 115 F. App'x 302 (5th Cir. 2004) (per curiam), *cert. denied*, 544 U.S. 1066 (2005) (affirming dismissal as premature where six months had not passed at time of filing); *see also Chance v. Napolitano*, 453 F. App'x 535 (5th Cir. 2011) (per curiam) (affirming dismissal as premature); *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011) (same); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (per curiam) (concluding that the six-month period must have expired at the time the § 2241 petition was filed in order to state a claim under *Zadvydas*).

Regardless, Harris cannot meet his initial burden under *Zadvydas*. He provides no specific reason why his removal is unlikely to occur in the reasonably foreseeable future. *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) (aliens must present sufficient evidence establishing that there is no significant likelihood of removal in the reasonably foreseeable future, and may not merely offer conclusory statements). For example, Harris has identified no current or potential diplomatic barriers to his removal that would decrease its likelihood. *See Fuentes-De Canjura v. McAleenan*, 19-CV-00149, 2019 WL 4739411, at *7 (W.D. Tex. Sept. 26, 2019) (citations omitted) ("[T]he likelihood of an alien's removal in the reasonably foreseeable future increases when no diplomatic barriers exist that would prevent the alien's removal from the United States. . . .").

Harris alleges that his removal is unlikely to occur in the reasonably foreseeable future because travel documents have not been issued, and because the consulate has provided no timeframe for their issuance. Absent additional context, these allegations – even taken as true – would only establish that a delay has occurred. These conclusory allegations are not sufficient to meet his burden.

Moreover, although Harris's detention has now extended just beyond the presumptively reasonable six-month period, this Court and others have found longer periods were not unreasonable. *See Barrera Romero v. Cole*, 16-CV-00148, 2016 WL 7041710, at *2 (W.D. La. 2016), *report and recommendation adopted sub nom. Barrera Romero v. Warden, Lasalle Det. Facility*, 2016 WL 7041614, at *2 (W.D. La. 2016) (20 months); *Mancera v. Kreitzman*, 16-CV-89, 2016 WL 1249600, at *4 (E.D. Wis. 2016) (23 months); *Garcia v. Lacy*, 12-CV-3333, 2013 WL 3805730, at *5 (S.D. Tex. 2013) (27 months); *Kim v. Obama*, 12-CV-173, 2010 WL 10862140, at *3 (W.D. Tex. 2012) (18 months). Therefore, the length of Harris's detention alone does not warrant relief.

### III. Conclusion

Because Harris has not met his burden of establishing that there is no significant likelihood of his removal in the reasonably foreseeable future, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service,

unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, March 22, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE